Judge Simpson
delivered the opinion* of the Court.
Stull'commenced an action of replevin against Hicks for two wood flat-boats, and having made an affidavit in conformity with the requisitions of the act of 1842 concerning the action of replevin, (3 Stat. Laws, 503,) and a writ having issued, the boats were taken possession of by th'e Sheriff, and delivered to the plaintiff.
The return of the Sheriff upon the writ showed the seizure of the property by him, its valuation in the manner prescribed by the statute, and its delivery' to the plaintiff, he having as stated by the return, executed a bond with security in a'-penalty of double the amount of the value of the property, conditioned according to law.
The bond however, that accompanied the Sheriff’s return, although executed by the plaintiff, recited that he had sued out a writ of replevin, to cause to be replevied out of the hands of Taylor Keas, a cow of the value of twenty dollars, which had been taken by the Sheriff and restored to the plaintiff upon the execution of the bond, and was conditioned for the return of the cow, if he failed to prosecute his suit with effect, and a return of the property should be awarded against him.
The defendant appeared and moved the Court to quash the Sheriff’s return, because of the insufficiency of the bond. The Court overruled the motion, and the defendant excepted. The defendant then moved the Court to dismiss the suit because the Sheriff had not taken a valid bond, which motion was also overruled, and the defendant again excepted. The parties then *54 went to trial, and a verdict and judgment having been given for the plaintiff, the defendant has brought the case to this Court by appeal.
.£&. party who has mot been prejudiced by the decision of the Court below, cannot have a reversal in this Gourt.
As the Sheriff had stated in his return, that the plaintiff had executed a bond according to law, and the bond was obviously inapplicable to the case, and insufficient, and that part of the return untrue, it should have been quashed by the Court upon the defendant’s motion, and the plaintiff required to execute a new bond; and upon his failure to do it he. should have been compelled to restore the property to the defendant. His suit however should not have been dismissed.
But as the case has been tried upon the merits, and the right to the property has been determined and ascertained to belong to the plaintiff in the writ, the question arises, whether the error of the Court in failing to make the appropriate order on that occasion, can now be relied upon by the defendant to reverse the final judgment.
If the property belongs to the plaintiff, and it had been by the order of the Court restored to the defendant, during the pendency of the action, he would have been bound by the judgment rendered in the plaintiff’s favor, to have re-delivered the property to him, and would also have been liable to him for damages for its detention when the result of the controversy manifested the plaintiff’s right. Consequently he has sustained no injury by the error of the Court, and has no right to complain of it, as it has not operated to his prejudice.
It is contended however, that upon the trial the Court erred in its instructions to the jury, and that the merits of the case have not been fairly tried. Although one of the instructions given at the instance of the plaintiff, was somewhat ambiguous, and might have misled the jury, yet when it is taken in connection with the instructions subsequently given at the instance of the defendant, we think it could not have had that effect. Be this however as it may, as it appears from the bill of exceptions, that the instructions were all given *55 by the consent of the parties, and no exception was taken to them in the Court below, they cannot be objected to in this Court, or the judgment assailed upon that ground.
Morehead Sf Stevenson, and H. Taylor for appellant; Baker for appellee.
It seems to us that the evidence authorized the verdict, and there was no error in the refusal of the Court to grant a new trial.
Wherefore the judgment is affirmed.